28360. ARNOLDSVILLE TRADING COMPANY *v.* JONES.

DECIDED JUNE 10, 1940.

*Erwin & Allen, Williams & Freeman,* for plaintiff in error.

*J. H. Paschall, R. F. Chance,* contra.

SUTTON, J. An execution in favor of Floyd Jones against the Speed Oil Company of Calhoun, Georgia, was levied on certain personal property as the property of the defendant in fi. fa., to which the Arnoldsville Trading Company filed a claim. The case was tried and a verdict for the plaintiff in fi. fa. was rendered, finding the property subject, together with damages. The claimant's motion for new trial was overruled, and the exception is to that judgment.

It appears from the record that the suit on which the execution is based was filed in February, 1938, for damages alleged to have been caused to an automobile in June, 1937; that judgment for $250 was obtained, and execution was issued thereon on June 28, 1939, and levied on the property in question on July 6, 1939. On January 2, 1937, the Speed Oil Company of Calhoun executed to H. H. Hardin and Nat A. Hardin a bill of sale conveying all of the property of Speed Oil Company to secure an indebtedness of $7500, and on May 16, 1939, the property covered by the bill of sale was sold under foreclosure proceedings thereon and was bid in by the Arnoldsville Trading Company at $7500, which amount was paid by the Arnoldsville Trading Company. The bill of sale was properly witnessed, and was made for a valuable consideration, the evidence showing that H. H. and Nat A. Hardin loaned the Speed Oil Company of Calhoun the amount of money stated as the consideration of the bill of sale which was given to secure it. It was executed on January 2, 1937, six months before the automobile of the plaintiff in fi. fa. was damaged, and more than a year before the filing of the suit on which the execution in the present case is based. The evidence is conclusive that there was no indebtedness or claim existing against the Speed Oil Company of Calhoun in favor of Floyd Jones, the plaintiff in fi. fa., when the bill of sale was executed. Although H. H. Hardin was president of the Speed Oil Company, he and his son had a right to loan the corporation money and to take a bill of sale from the corporation to secure the indebtedness, and the title to the property covered by the bill of sale would pass to them, under the facts as here presented, the same as it would have passed to some one not connected with the corporation had the transaction been between the corporation and such third party.

The fact that the bill of sale was not recorded until July 29, 1937, would not affect its validity. A bill of sale is valid between the parties though not recorded. Code, § 67-1305. However, the common-law judgment of the plaintiff in fi. fa. was not obtained until June 28, 1939, almost two years after the bill of sale was recorded, and before that time the property in question had been sold under the bill of sale and had been bought and paid for by the claimant in this case. It is true that the record discloses that H. H. Hardin was president of the Arnoldsville Trading Company,

claimant, as well as president of the Speed Oil Company of Calhoun, and that he had loaned both corporations money; but his testimony is undisputed that the claimant bought and paid for the property here involved, with its own funds earned during the years 1938 and 1939. The levy recites that the defendant in fi. fa. was in possession of the property at the time of the levy, and the claimant assumed the burden of proof upon the trial of the case; but the parties concede that the title of the claimant must stand or fall upon the bona fides of the bill of sale from the Speed Oil Company of Calhoun to H. H. Hardin and Nat A. Hardin. The evidence fails to show that the bill of sale was invalid, but, on the contrary, it shows it to be valid; and in these circumstances the verdict in favor of the plaintiff in fi. fa., finding the property subject, was without evidence to support it. Under this view of the case, it is not necessary to pass on the special grounds of the motion for new trial, which consist of exceptions to the charge of the court and to a remark or statement of counsel for defendant in error in his argument to the jury.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*